1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | MDL NO. 1751 |
| JAMSTER MARKETING LITIGATION, | Master File: 05cv0819 JM(CAB) |
| This document relates to all cases. | ORDER GRANTING T-MOBILE USA, INC.'S MOTION TO COMPEL ARBITRATION (DOCKET No. 244); DISMISSING PLAINTIFFS HALL, CHUNN, GILES, AND HARMON AS PARTIES |

Defendant T-Mobile USA, Inc. ("T-Mobile") moves to compel arbitration of the claims of plaintiffs Christina Hall ("Hall"), Randy Chunn ("Chunn"), Sandra Giles ("Giles"), and Baron Harmon ("Harmon"). Plaintiffs Hall, Chunn, and Giles oppose the motion. Plaintiff Harmon filed a Notice of Joinder (Docket No. 274) in the other plaintiffs' opposition. Defendants VeriSign, Inc. and Jamster LLC joined in T-Mobile's motion to compel arbitration. For the reasons set forth below, the motion to compel arbitration is granted and the court dismisses Hall, Chunn, Giles, and Harmon as parties to this action.

### BACKGROUND

The Coordinated Consolidated Complaint ("CCA"), filed on July 1, 2008, alleges claims by several new plaintiffs including claims by plaintiffs Hall, a resident of

Maryland, (CCA ¶18), Chunn, a resident of Mississippi, (CCA ¶14), Giles, a resident of Illinois, (CCA ¶16), and Harmon, a resident of Illinois.  (CCA ¶24).  Each plaintiff is a customer of T-Mobile.  Very broadly, these plaintiffs allege, in essence, that they or their children responded to advertisements of Jamster/VeriSign in 2004 and 2005 and thereafter wrongfully received charges on their T-Mobile bills for mobile content. (CCA ¶¶100-103).

The present motion concerns an arbitration provision contained in the service agreements executed by these plaintiffs.  More specifically, the arbitration provision contains a class action waiver provision which provides, in large face bold type:

> CLASS ACTION WAIVER. WHETHER IN COURT, SMALL CLAIMS COURT, OR ARBITRATION YOU AND WE MAY ONLY BRING CLAIMS AGAINST EACH OTHER IN AN INDIVIDUAL CAPACITY AND NOT AS A CLASS REPRESENTATIVE OR A CLASS MEMBER IN A CLASS OR REPRESENTATIVE ACTION.

(Baca Decl. Exh. 2, p.32, ¶2).  The arbitration provision also provides that T-Mobile will pay all fees and expenses of arbitration for claims under $25, and for claims between $25 and $1,000, subscribers pay only a $25 initial filing fee, and even that fee can be waived under the applicable rules.   Arbitration may also be conducted on written submissions only or in a telephonic hearing.   See AAA Supplementary Procedures   for   Consumer-Related   Disputes,   available   at http://www.adr.org.sp.asp?id=22014#C6. All arbitrations are to be conducted by the American Arbitration Association, pursuant to its rules, including the Supplementary Procedures for Consumer-Related Disputes.  See www.adr.org/sp.asp?id=28752.  The arbitration provision also contains a choice of law provision which provides that any dispute is governed by the Federal Arbitration Act and the "laws of the state in which your billing address in our records is located.  (Baca Decl. Exh. 2, p. 39, ¶23).

## DISCUSSION

**The Federal Arbitration Act**

The Federal Arbitration Act ("FAA") provides that

> a written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising . . . shall

be valid, irrevocable and enforceable, save upon such grounds as exist at law or equity for the revocation of any contract.

9 U.S.C. §2.  The FAA establishes federal policy favoring arbitration of disputes. Federal courts are required to "rigorously" enforce the parties agreement to arbitrate. Sherson/American Express, Inc. v. McMahon, 482 U.S. 220 (1987).  Indeed, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language or an allegation of waiver, delay, or a like defense to arbitrability."  Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24 (1983).

> [W]here a contract contains an arbitration clause, there is a presumption of arbitrability in a sense that [a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.  Doubts should be resolved in favor of coverage.

A.T.&T. Tech. Inc. v. Communications Workers of America, 475 U.S. 643, 650 (1986) (citations omitted).

The FAA creates "a body of federal substantive law of arbitrability," enforceable in both state and federal courts and preempting any state laws or policies to the contrary.  Moses H. Cone, 460 U.S. at 24.  "The availability and validity of defenses against arbitration are therefore to be governed by application of federal standards." Cohen v. Wedbush, Noble, Cooke, Inc., 841 F.2d 282, 285 (9th Cir. 1988).  This body of federal law also requires that federal courts apply state law, "whether of legislative or judicial origin [] if that law arose to govern issues concerning the validity, revocability and enforceability of contracts generally."  Perry v. Thomas, 482 U.S. 483, 493, fn. 9 (1987).  Thus, state law applies to interpret arbitration agreements as long as those state laws are generally applicable to all contracts, and not just agreements to arbitrate.

The following section analyzes the applicable state law at issue.

**Choice of Law**

Choice of law principles determine which state law of general application

1    governs the arbitration provision.   T-Mobile argues that the laws of the states where

2    plaintiffs Hall, Chunn, Giles, and Harmon reside, as identified in the forum selection

3    provision of the parties' service agreements, provide the controlling legal authorities

4    whereas plaintiffs argue that California law should apply.

5         Federal courts look to the law of the forum state in resolving choice of law issues.

6    See Ticknor v. Choice Hotels Intern., Inc., 265 F.3d 931, 937 (9th Cir. 2001); Sparling

7    v. Hoffman Constr. Co., Inc., 864 F.2d 635, 641 (9th Cir. 1988).   "In determining the

8    enforceability of . . . contractual choice-of-law provisions, California courts shall apply

9    the principles set forth in the Restatement (Second of Conflict of Laws) section 187

10   which reflects a strong policy favoring enforcement of such provisions."   Nedlloyd

11   Lines B.V. v. Superior Court, 3 Cal.4th 459, 464 (1992).   Section 187 provides, in

12   pertinent part, that:

13           The law of the state chosen by the parties to govern their contractual rights
             and duties will be applied . . . unless . . .

14

15           (b) application of the law of the chosen state would be contrary to a
             fundamental policy of a state which has a materially greater interest than
16           the chosen state in the determination of the particular issue and which,
             under the role of section 188, would be the state of the applicable law in
             the absence of an effective choice of law by the parties.
17

18   Restatement (2d) of Conflict of Laws §187(2) (1988). In determining the enforceability

19   of a contractual choice-of-law provision the court must first determine (1) whether the

20   chosen state has a substantial relationship to the parties or transaction or (2) whether

21   there is any other reasonable basis for the parties' choice of law.   If either test is met

22   then the court must next determine whether the chosen state's law is contrary to a

23   fundamental policy of California.   If there is no conflict, the court must enforce the

24   parties' choice of law.  If there is a fundamental conflict with California law, the court

25   must then determine whether California has a materially greater interest than the chosen

26   state in the determination of the particular issue.  If California has a materially greater

27   interest, then the choice-of-law provision will not be enforced.  See Nedlloyd, 3 Cal.4th

28   at 464-466.

         Here, the parties do not dispute that there was a reasonable basis for the selection

of the state substantive law where plaintiffs Hall, Chunn, Giles, and Harmon reside. The parties only dispute whether California has a materially greater interest than either Maryland, Mississippi, or Illinois. Here, the court concludes that the law of California on the issue of class action waivers is fundamentally at odds with the laws of Maryland, Mississippi, and Illinois. Whereas California law holds class action waivers unconscionable and therefore unenforceable, see Am Online Inc. v. Superior Court, 90 Cal.App.4th 1, (2001), such waivers, as noted in the following section, are routinely enforced in Maryland, Mississippi, and Illinois.

The court also concludes that the states of Maryland, Mississippi, and Illinois have a materially greater interests than California. Under traditional choice of law rules, courts consider the place of negotiation of the contract, the place of performance, the location where the alleged wrong occurred, and the location where the parties reside. See Restatement §188. Here, all of these factors weigh in favor of applying the law of plaintiffs' residence to the dispute amongst the parties.[1] Moreover, it is difficult to see that California has anything other than a minimal interest in applying its laws to residents of Maryland, Mississippi and Illinois for alleged wrongs occurring outside its territory.

In sum, the court concludes that Maryland, Mississippi, and Illinois have a materially greater interest than California in determining the rights and duties of the parties. The court therefore applies the substantive law of Maryland, Mississippi, and Illinois to the arbitration provision.

**Maryland Law**

Arbitration provisions providing for the waiver of class actions are routinely enforced in Maryland. See Walther v. Sovereign Bank, 386 Md. 412, 8721 A.2d 735 (2005); Doyle v. Finance America, LLC., 174 Md. App. 370, 918 A.2d 1266 (2007), Snowden v. Checkpoint Check Cashing, 290 F.3d 631 (4th Cir. 2002). In Walther, consumers sought to bring a class action against a mortgage lender challenging various

---

[1] The court notes that T-Mobile is resident of Washington State and Delaware.

fees assessed in mortgage loan transactions.  In order to avoid the class action waiver contained in the arbitration provision, the plaintiff, relying on several decisions originating in California state and federal courts,  argued, among other things,  that the class action waiver was unconscionable:

> [W]e would be averse to a holding in the present case which would allow petitioners to avail themselves of a class action contrary to the provisions or a freely-signed agreement to arbitrate that includes a no-class action provision which was conspicuously presented as a part of the arbitration clause.  Petitioners do point out cases in which courts have adhered to an unquestionably minority view that finds that a no-class-action provision in an arbitration agreement can make the agreement unconscionable and unenforceable [citing <u>Ting v. AT&T</u>, 319 F.3d 1126, 1150 (9th Cir. 2003); <u>Szetela v. Discovery Bank</u>, 97 Cal.App.4th 1094 (2002), and other California authority].  Insofar as these cases are for the proposition that a no-class-action provision in an arbitration agreement is so one-sided as to make that agreement unconscionable, we are unpersuaded.  We cannot ignore the strong policy, made clear in both federal and Maryland law, that favors the enforcement of arbitration provisions.

A.2d at 750-01.

Similarly, in <u>Doyle v. Finance America, LLC</u>, 173 Md. App. 370, 918 A.2d 1266 (2007) the Maryland Appellate Court upheld the validity of an arbitration provision containing a class action waiver.  The consumer plaintiffs argued that the class action waiver should be construed to preclude only class-wide arbitrations but not class actions in court.  The court noted that "if the Agreement bars the filing of a class action claim in arbitration, there can be no filing of a class action claim at all." <u>Id.</u> at 1268.  The court also noted: "Although a minority of jurisdictions take the position that 'no-class-action' provisions are unenforceable, Maryland stands firm in the majority." <u>Id.</u> at 1271 n.6.

In sum, the court grants the motion to compel plaintiff Christina Hall to arbitrate her claims against T-Mobile.

**Mississippi Law**

Mississippi defines the doctrine of unconscionability as "an absence of meaningful choice on the part of one of the parties, together with contract terms that are unreasonably favorable to the other party." <u>Entergy Miss., Inc. v. Burdette Gin Co.</u>, 726 So.2d 1202, 1207 (Miss. 1998).  Two types of unconscionability will void a contract

under Mississippi law: procedural unconscionability and substantive unconscionability. New S. Fed'l Savings Bank v. Anding, 414 F.Supp.2d 636, 644 (S.D. Miss 2005) (contracts of adhesion are unconscionable "only where . . . the stronger party's terms are unnegotiable and the weaker party is prevented by market factors, timing or other pressures from being able to contract with another party on more favorable terms or to refrain from contracting at all").

Under Mississippi law, the contract is not procedurally unconscionable.  The arbitration provision, although a contract of adhesion, is conspicuous, uses understandable language, and is set forth in large bolded letters. These considerations militate against a finding of procedural unconscionability under Mississippi law.  With respect to substantive unconscionability, the class action waivers contained within the scope of arbitration provisions are not unconscionable under Mississippi law.  The costs associated with arbitrating any claim are nominal: the consumer pays no fees for claims under $25, and for claims between $25 and $1,000 the fee is $25, and even that fee can be waived.  Further, a consumer may have the claim resolved by written submission or by telephonic hearing.  Although a specific class-action waiver provision has apparently not been addressed by any state or federal court applying Mississippi law, in Steed v. Sanderson Farms, Inc. 2006 WL 2844546, *10 (S.D. Miss. September 29, 2006), the district court noted that a provision precluding multi-party arbitrations is not substantively unconscionable.

In sum, the court concludes that the class action waiver contained within the arbitration provision is not unconscionable under Mississippi law.  Accordingly, the court grants T-Mobile's motion to compel arbitration of plaintiff Randy Chunn's claims.

**Illinois Law**

Under Illinois law, class action waivers are not per se unconscionable.  Kinkel v. Cingular Wireless LLC, 223 Ill.2d 1, 857 N.E.2dd 488, 273 (2006).  In Kinkel, the Illinois Supreme Court found the class action waiver contained within the arbitration

provision of Cingular wireless to be unconscionable under the specifics of that case.
The focus of an unconscionable class action waiver is whether it burdens "the ability
of the plaintiff to obtain a remedy for the particular claim being asserted in a cost-
effective manner." <u>Id.</u> at 274. The plaintiff was charged a $150 early termination fee
by Cingular.

> We find under the circumstances of this case, the class action waiver is
> unconscionable and unenforceable. These circumstances include a
> contract of adhesion that requires the customer to arbitrate all claims, but
> does not reveal the cost of arbitration, and contains a liquidated damages
> clause that allegedly operates as an illegal penalty. These provisions
> operate together to create a situation where the cost of vindicating the
> claim is so high that the plaintiff's only reasonable, cost-effective means
> of obtaining a complete remedy is as either the representative or a member
> of a class.

<u>Id.</u> at 274-75. The Illinois court found the arbitration provision at issue procedurally
unconscionable because the provision was silent on the issue of costs. Further, the court
found the provision substantively unconscionable because the potentially high costs of
arbitration deterred plaintiff from pursing the claim. The court further focused on the
nature of the $150 early termination fee. The court considered the typical consumer
unable to adequately prosecute a claim without the assistance of an attorney as the
termination fee amounted to impermissible liquidated damages. As the class action
device provided the only a cost effective means to vindicate plaintiff's rights under the
circumstances, the court found the arbitration provision unconscionable.

Following <u>Kinkel</u>, other Illinois courts have supported the validity of class action
waivers. For example, in <u>Crandal v. AT&T Mobility, LLC</u>, 2008 WL 2796752 (S.D.
Ill. July 18, 2008), the plaintiffs argued the invalidity of the class action waiver. The
plaintiffs alleged that AT&T mislead them to believe their new phones could no longer
be used after the Cingular and AT&T merger. The court, distinguishing <u>Kinkel</u>, found
that the class action waiver was not procedurally unconscionable because, in the event
the plaintiffs did not agree to arbitration, plaintiffs were given the opportunity to return
the phones and cancel service with no obligation. The court also noted that the
arbitration provision limited the costs that customers would pay to arbitrate their claims

($25 for any claim under $1,000). The court concluded that "Plaintiffs have not shown that their inability to pursue these claims on a class-wide basis effectively denies them legal recourse." Id. at *5.

Here, the court concludes that the class action waiver is neither procedurally nor substantively unconscionable under Illinois law. The arbitration provision at issue is clear, concise, and conspicuous. The arbitration-related provisions are highlighted, easy to understand, and not shrouded in "legalese." Further, plaintiffs had the opportunity, upon review of the service agreement, to timely cancel the service agreement within the trial period. Looking to the service agreement as a whole, the court further notes that the arbitration provision at issue, is significantly unlike the provision in Kinkel where the provision was "hidden in a maze of fine print where it was unlikely to be noticed, much less read." Kinkel, 857 N.E.2d 250. Accordingly, it appears that the parties had a "reasonable opportunity to understand the terms of the contract," Id, and therefore the provision is not procedurally unconscionable under Illinois law.

With respect to substantive unconscionability, the court concludes that the provision is not so one-sided or overly harsh to render the arbitration provision substantively unconscionable. The provision does not limit plaintiffs Giles' and Harmon's ability to obtain relief. Plaintiffs may seek any relief in arbitration that would be available in court. (Baca Decl. Exh. A at 30, ¶2). Further, the costs are reasonable in that there is no cost for arbitrating claims under $25, and the cost for arbitrating claims up to $1,000 is only $25. Further, there is easy access to an AAA arbitrator in that plaintiffs may arbitrate by written submission or even to participate telephonically in any hearing. Under these circumstances, the court concludes that the class action waiver does not render the arbitration provision substantively unconscionable.

In sum, the court grants T-Mobile's motion to compel arbitration of plaintiffs Giles' and Harmon's claims.

**Plaintiffs Arguments**

On the choice of laws issue, Plaintiffs argue, in conclusory fashion, that "California has a materially greater interest in having its law applied over that of any other state." (Oppo. at p.8:23-24). Plaintiffs highlight that California has a strong interest in protecting consumers from unscrupulous practices including the enforcement of class action waivers. While a correct statement of law as far as it goes, plaintiffs fail to identify any legitimate and cognizable interest California has concerning transactions occurring outside its borders and involving non-California residents. Plaintiffs failure to cite any pertinent California authorities supporting its choice of law argument is fatal.[2]

Plaintiffs also argue that T-Mobile should be collaterally estopped from seeking to compel arbitration because this court denied T-Mobile's motion to compel arbitration on December 19, 2005. (Docket No. 91). The court's earlier order addressed the validity of class action waivers as applied to California residents. As the doctrine of collateral estoppel only applies where the identical issues are actually litigated, Diruzza v. County of Tehama, 323 F.3d 1147, 1152 (9th Cir. 2003), plaintiffs' argument is not well-founded because the present motion to compel arbitration involves issues arising under Maryland, Mississippi, and Illinois law.

Plaintiffs also argue that T-Mobile has waived its rights to compel arbitration by selectively moving to enforce arbitration provisions and by delaying for more three years the present motion to compel arbitration. This argument is not persuasive. The court notes that these latest plaintiffs were first named as parties in the CCA, filed on July 1, 2008, and that T-Mobile timely moved to compel arbitration by filing the present motion on August 8, 2008. Under these circumstances, there is no reasonable basis for plaintiffs' arguments.

**Stay or Dismissal of Plaintiffs' Claims**

---

[2] The court notes that plaintiffs also fail to address in a significant manner the state laws of Maryland, Mississippi, and Illinois concerning the validity of class action waivers.

T-Mobile requests that the court stay this litigation only with respect to plaintiffs Hall, Chunn, Giles, and Harmon.  The Federal Arbitration Act appears to limit the power of the district court to compel arbitration outside the Southern District of California.  See 9 U.S.C. §4 ( arbitration must be ordered "within the district" in which the motion to compel is filed); Merrill Lynch, Pierce, Fenner & Smith v. Lauer, 49 F.3d 323, 330 (7th Cir. 1995) (district court cannot compel or enjoin arbitration proceedings outside the district). Because the service contracts at issue provides for arbitration in the state of plaintiffs' residence, (Baca Decl. Exh. A. ¶23), the court concludes that it cannot compel the parties to arbitrate their dispute outside of the Southern District of California.

While the court ordinarily should stay an action pending arbitration, see 9 U.S.C. 3, the court finds that dismissal without prejudice is the appropriate remedy here because the action was brought in the wrong venue.  Under federal law, forum selection provisions are presumed valid and enforcement will be ordered unless it clearly would be "unreasonable and unjust, or the clause was invalid for such reasons as fraud or overreaching."  The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972); TAAG Linhas Aereas de Angola v. Transamerica Airlines Inc., 915 F.2d 1351, 1353 (9th Cir. 1990).  For the above stated reasons, there is no basis in the record for the court to conclude that the forum selection provision, as applied to plaintiffs Hall, Chunn, Giles, and Harmon, was procured by fraud or overreaching.

Finally, dismissal of this action, rather than a stay, is appropriate on grounds of judicial economy.[3]  Should either party seek to compel arbitration, or to confirm an arbitration award, it must do so in a court of competent jurisdiction, and not before this court.  See 9 U.S.C. §3.  Accordingly, the court dismisses the action without prejudice as to plaintiffs Hall, Chunn, Giles, and Harmon.

**CONCLUSION**

_____

[3] The court notes that a dismissal would not have been appropriate had the actions of plaintiffs Hall, Chunn, Giles, and Harmon been transferred as a part of the MDL litigation.  Under these circumstances, the court would have transferred the actions to the transferor courts.

1     In sum, the court grants T-Mobile's motion to compel arbitration of the claims

2   of Plaintiffs Hall, Chunn, Giles, and Harmon.   The court also dismisses without

3   prejudice these plaintiffs from the present action.

4     **IT IS SO ORDERED.**

5   DATED:  November 10, 2008

6   _____
                                        Hon. Jeffrey T. Miller
7                                       United States District Judge

8   cc:          All parties

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MDL 1750/05cv0819