1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

11    In re:

12    JAMSTER MARKETING LITIGATION,

13    This document relates to all cases.

14

15

16

17

MDL NO. 1751

Master File: 05cv0819 JM(CAB)

ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO
RECONSIDER

18         Plaintiff Baron Harmon moves to reconsider this court's November 10, 2008 Order Granting

19    T-Mobile's Motion to Compel Arbitration of Plaintiff Harmon's claims ("Order").  Defendants T-

20    Mobile USA, Inc. ("T-Mobile") and Defendants VeriSign, Inc. and Jamster LLC separately oppose

21    the motion.  Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral

22    argument.  For the reasons set forth below, the court grants in part and denies in part the motion for

23    reconsideration.

24         In general, a motion for reconsideration under either Rule 59 or 60 is appropriate where (1)

25    the district court is presented with newly discovered evidence, (2) the district court committed clear

26    error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in

27    controlling law.  School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (citations

28    omitted), cert. denied, 114 S. Ct. 2742 (1994).

1    Plaintiff Harmon argues:

2    Rather than compelling the arbitration of Harmon's claims, the Court dismissed
     Harmon's claims without prejudice on the grounds that (a) the Court did not have
3    authority under the Federal Arbitration Act to compel the arbitration in California of
     the claims of a non-citizen of California and (b) Harmon had brought his claims in this
4    action in the wrong venue.

5    (Motion at p.4:13-16).  Plaintiff also argues that the court erroneously dismissed his claims because

6    footnote 3 in the court's order stated that a "dismissal would not have been appropriate had the actions

7    . . . been transferred as a part of the MDL litigation.  Under these circumstances, the court would have

8    transferred the action to the transferor courts." (Order at 11 n.3).  Finally, Plaintiff Harmon represents

9    that he "is prepared to dismiss his claims against T-Mobile with prejudice were the Court to retain

10   Harmon and not return the action to the northern District of Illinois."  (Motion at p.5:25-27)[1].

11       As a starting point, T-Mobile sought to compel arbitration of the claims of Plaintiffs Hall,

12   Chunn, Giles, and Harmon and, if granted, to stay their "actions in this MDL."  (Docket No. 244; p.

13   1:25). The court granted the motion to compel arbitration but rather than stay the action, the court

14   dismissed these Plaintiffs as parties to the MDL.  Plaintiff Harmon does not challenge the court's

15   conclusion that the underlying arbitration provision is enforceable under Illinois state law or that the

16   court has subject matter jurisdiction to entertain the motion to compel arbitration.[2]  Rather, there is

17   understandable confusion regarding the procedures following the grant of a motion to compel

18   arbitration in this multi-party MDL litigation.[3]

19   _____

20       [1] The court notes that Plaintiff Harmon did not separately raise any arguments in opposition
     to T-Mobile's motion to compel arbitration.  Rather, Plaintiff Harmon joined in the arguments raised
21   by Plaintiffs Hall, Chunn, and Giles. (Docket No. 274).  Plaintiff Harmon did not previously raise the
     argument that his status as a tag along action warrants different treatment from that of Plaintiffs Hall,
22   Chunn, and Giles who commenced their action in this court.

23       [2] This court is authorized to rule on all pretrial motions. 28 U.S.C. §1407(b); In re Am. Cont'l
     Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1532-33 (9th Cir.1996), rev'd on other grounds
24   sub nom. Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998) (noting that
     "the transferee court is empowered to dispose of the cases transferred to it by means of summary
25   judgment or dismissal"); In re Donald J. Trump Casino Sec. Litig.-Taj Mahal Litig., 7 F.3d 357,
     367-68 (3rd Cir.1993) (holding that " § 1407 empowers transferee courts to enter a dispositive pretrial
26   order terminating a case").

27       [3] The court notes that the issues and concerns raised by Plaintiff Harmon do not apply to
     Plaintiffs Hall, Chunn, and Giles because these plaintiffs originally commenced their action in this
28   court. (Docket No. 226).  As the proper forum for arbitrating the disputes of plaintiffs Hall, Chunn,
     and Giles is Maryland, Mississippi, and Illinois, respectively, the court confirms that a dismissal

The court notes that the venue provisions of the Federal Arbitration Act ("FAA") identify the appropriate forum for any post-arbitration award remedy.  Where a party seeks to confirm an arbitrator's award, the party must bring an action in "the United States court in and for the district within which such award was made."  9 U.S.C. §9. Similarly, in the event a party seeks to vacate an arbitrator's award, the party must bring the action in "the United States court in and for the district wherein the award was made."  9 U.S.C. §10.  Here, it appears that the only court with the statutory authority to entertain any challenge or confirmation to the arbitrator's award is the Northern District of Illinois, the transferor court, and not the Southern District of California, as that is the district encompassing the parties' chosen forum.

The court notes that this court's jurisdiction over the tag along cases like Harmon is limited to the determination of pretrial matters.  Upon completion of all pretrial proceedings, the matter must be remanded for trial and post-trial proceedings to the transferor court.  Lexecon, 523 U.S. at 39. Here, by granting T-Mobile's motion to compel arbitration, all pretrial matters involving Plaintiff Harmon have now been concluded.  The only remaining issue concerns the procedures to effectuate the contemplated arbitration.

In the prototypical case, a motion to compel arbitration is filed in the district where the arbitration proceeding is to be conducted.  9 U.S.C. §4.  Once the motion to compel arbitration is granted the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."  9 U.S.C. §3.  Here, the court concludes that entry of a stay is not an appropriate remedy.  The stay contemplated by the FAA permits the parties to complete the arbitration and then return to the court with appropriate jurisdiction to either confirm or vacate the arbitrator's award.  See 9 U.S.C. §§9, 10.  However, this court does not have the authority under 28 U.S.C. §1407 to entertain a post-arbitration motion to confirm or vacate the award.  This court's MDL jurisdiction is limited to pretrial matters.  Lexecon, 523 U.S. at 39. Because this court is not a proper forum to confirm or vacate any arbitrator's award, a stay is not an appropriate remedy under the circumstances.

---

without prejudice, for the reasons set forth herein and in the Order, is the appropriate remedy following the grant of T-Mobile's motion to compel arbitration.

MDL 1751/05cv0819

The present action is not a prototypical case but involves the interplay of two different statutory schemes, the FAA and 28 U.S.C. §1407, in the context of the complexities of multidistrict litigation. Besides a stay, there appears to be only two other available procedural vehicles. First, the court could refer Plaintiff Harmon's case to the Panel on Multidistrict Litigation for remand to the Northern District of Illinois as all pretrial matters involving Plaintiff Harmon have been resolved. In this eventuality, the Northern District of Illinois appears to have jurisdiction to entertain any FAA related issued. See 9 U.S.C. §§ 3, 4, 9, 10. Alternatively, and as contemplated in the court's Order, the court could dismiss Plaintiff Harmon's claims without prejudice subject to completion of any arbitration proceeding conducted in the appropriate forum. Under this alternative, parties to the arbitration could seek to confirm or vacate the arbitrator's award in the appropriate forum. See 9 U.S.C. § 3, 4, 9, 10.

While either a dismissal or remand appears to achieve the same result, the court reconsiders its prior Order to the extent that it dismissed Plaintiff Harmon's claims. This court's multidistrict jurisdiction over Harmon only extends to the conclusion of pretrial proceedings. Lexecon, 523 U.S. at 35; 28 U.S.C. §1407(a). Once those pretrial proceedings are concluded, the statute provides that the transferred action "shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred." 28 U.S.C. §1407(a). In light of the express statutory language that the court "shall" remand the case upon conclusion of pretrial proceedings, the court concludes that a referral to the JPML for remand is more consistent with 28 U.S.C. §1407 than an outright dismissal without prejudice. Furthermore, a transfer, rather than a dismissal, would limit potential prejudice to Plaintiff Harmon.

Finally, Plaintiff Harmon argues that he should be permitted "to dismiss his claims against T-Mobile and to litigate his claims against Verisign and Jamster.[4]" (Reply at p.2:4-5.) As Plaintiff fails to cite any authority for the proposition that he may split or otherwise proportion his causes of action against various defendants to avoid the enforcement of an agreement to arbitrate, Plaintiff fails to meet his burden of demonstrating newly discovered facts, clear error, or intervening change in controlling

---

[4] The court notes that whether Plaintiff decides to voluntarily dismiss parties or claims is solely within the discretion of Plaintiff Harmon, and not this court.

MDL 1751/05cv0819

1    law.  Consequently, this portion of the motion to reconsider is denied.

2            In sum, the court grants in part and denies in part Plaintiff's motion to alter or amend the

3    Order.   The court grants the motion to compel arbitration and instructs the Clerk of Court to refer

4    Harmon v. VeriSign, Inc., et al., No. 06 C0926, filed on January 16, 2006 in Cook County Circuit

5    Court in Illinois and subsequently removed to the Northern District of Illinois,  to the Panel on

6    Multidistrict Litigation for remand to the Northern District of Illinois.

7            **IT IS SO ORDERED.**

8    DATED:  February 2, 2009

9                                                                        _____
                                                                         Hon. Jeffrey T. Miller
10                                                                       United States District Judge

11   cc:            All parties

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28